Matter of Fisher v Rajkumar

2026 NY Slip Op 03099

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Max Fisher, et al., appellants,

v

Jenifer Rajkumar, respondent-respondent, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04521, (Index No. 711110/26)

Lara J. Genovesi, J.P.

Deborah A. Dowling

Lillian Wan

Carl J. Landicino

Susan Quirk, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Jenifer Rajkumar as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 38th Assembly District, the petitioners appeal from a final order of the Supreme Court, Queens County (Denise N. Johnson, J.), entered May 6, 2026. The final order, among other things, granted the application of Jenifer Rajkumar to dismiss the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.

ORDERED that the final order is affirmed, without costs or disbursements.

On March 30, 2026, a petition was filed with the Board of Elections in the City of New York designating Jenifer Rajkumar as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 38th Assembly District. Max Fisher filed general objections to Rajkumar's designating petition and, thereafter, specifications of objections. Fisher and David A. Orkin, an aggrieved candidate, commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the designating petition, alleging that the petitioning process had been permeated with fraud.

On April 23, 2026, the initial return date for the petition, inter alia, to invalidate the designating petition, the petitioners filed a bill of particulars. After a hearing on April 30, 2026, the Supreme Court concluded that the petitioners had failed to file an offer of proof by the initial return date, as required by the Queens County Supreme Court 2026 Election Part Rules (hereinafter Part Rules), and precluded the petitioners from offering evidence in support of their fraud allegations. Thereupon, Rajkumar made an application to dismiss the petition, inter alia, to invalidate the designating petition. In a final order entered May 6, 2026, the court, inter alia, granted Rajkumar's application and dismissed the proceeding. The petitioners appeal.

Election Law proceedings are subject to severe time constraints, and they require immediate action (see Matter of Stavisky v Yiatin Chu, 230 AD3d 1278, 1279; Matter of Porth v Maio, 228 AD3d 709, 710). "[T]he insistence by the Supreme Court on strict adherence to its rules for submissions of petitions under Election Law article 16 is not an improvident exercise of discretion" (Matter of Wooten v Barron, 242 AD2d 351, 352; see Matter of Rivera v Ortiz, 207 AD2d 516, 516).

Pursuant to the Part Rules, the petitioners were required to submit "[a] complete written offer of proof, in all matters alleging a question of fraud, including a statement as to the number of witnesses expected to be called, the identification of each such witness (by name, address, volume, page and line) and the status of each such witness (i.e., candidate, signatory, subscribing witness, notary public, etc.)," by 9:30 a.m. on the initial return date. The "[f]ailure to serve and file same shall be deemed a waiver and further proof shall be precluded" (id. [emphasis omitted]). The petitioners failed to plead the fraud claims with the requisite particularity (see CPLR 3016). Moreover, the petition and the bill of particulars were insufficiently detailed to apprise Rajkumar of the allegations of fraud being made against the designating petition (see Matter of Robinson v Edwards, 54 AD3d 682). Accordingly, the Supreme Court properly granted Rajkumar's application to dismiss the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.

The parties' remaining contentions need not be reached in light of our determination.

GENOVESI, J.P., DOWLING, WAN, LANDICINO and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court